# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2022

Lyle W. Cayce
Clerk

No. 21-30279
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

John T. Owings,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-120-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

John T. Owings appeals his convictions for theft of government property and concealing an event affecting a right to certain social security benefits. Owings contends that the district court erred by (1) excluding a one-page summary of a report by the Social Security Administration (SSA) Office

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of Inspector General (OIG report summary) and (2) denying his motion for a mistrial based on the jury's inadvertent receipt of exhibits, including a six-page chart of his earnings between 2008 and 2014, which were not admitted into evidence at trial.

The district court did not abuse its discretion by excluding the OIG report summary. *See United States v. Brooks*, 681 F.3d 678, 709 (5th Cir. 2012). The report summary, which broadly identifies the SSA's "processing delays and errors" and failures to correctly or timely process continuing disability reviews as the cause of roughly one third of improper overpayments (the other two-thirds stemming from claimants' own failures to report their earnings), does not support Owings's specific trial defense that he informed the SSA in 2012 that he had returned to full-time work but the SSA simply failed to capture his call. As such, the OIG report summary did not have any tendency to make the fact that Owings called the SSA or that he lacked the requisite criminal intent more probable. *See* Fed. R. Evid. 401(a). In any event, any potential error in excluding the OIG report summary was harmless in light of the substantial evidence, including Owings's own sworn admission, that Owings did not inform the SSA that he had returned to full-time work. *See United States v. El-Mezain*, 664 F.3d 467, 526 (5th Cir. 2011).

Nor did the district court abuse its discretion by denying a mistrial based on the jury's inadvertent receipt of the unadmitted exhibits. *See United States v. Velasquez*, 881 F.3d 314, 343 (5th Cir. 2018); *United States v. Smith*, 354 F.3d 390, 394 (5th Cir. 2003). Owings stipulated to the admissibility of the exhibits before trial although they were ultimately not admitted by the district court. He asserts that the earnings chart in particular contained inaccurate, prejudicial data. He does not explain how the inadvertent submission of the rest of the exhibits resulted in prejudice apart from a vague assertion that the documents were beneficial only to the Government and that the submission of some documents but not others was necessarily

prejudicial.    By failing to articulate how the documents other than the earnings chart were prejudicial, he has waived that issue.  *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).  Even if not waived, these vague and conclusory assertions of prejudice are unavailing.  *United States v. Mix*, 791 F.3d 603, 608 (5th Cir. 2015); *Smith*, 354 F.3d at 394.  As for the chart, its alleged inaccuracies relate to transactions occurring before the dates charged in the indictment.    Moreover, the district court removed the challenged exhibits from the jury and issued a curative instruction to disregard them.  *See United States v. Moparty*, 11 F.4th 280, 294 (5th Cir. 2021); *United States v. Owens*, 683 F.3d 93, 104 (5th Cir. 2012).  In light of this, as well as the substantial weight of the evidence against him, *see United States v. Davis*, 393 F.3d 540, 549 (5th Cir. 2004), Owings fails to show that the jury's inadvertent receipt of the unadmitted earnings chart prejudiced him so as to warrant a mistrial, *see Mix*, 791 F.3d at 608; *Smith*, 354 F.3d at 394.

The judgment is AFFIRMED.